## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

PATRICIA A. YOUNG,                                              Case No. 15-cv-3207 (SRN/TNL)

        Plaintiff,

v.                                                              **REPORT AND RECOMMENDATION**

WELLS FARGO BANK,
National Association as Trustee
for Securitized Asset-Backed
Receivables LLC Trust 2005-FR5,

        Defendant.

---

Patricia A. Young, 302 Zinnia Lane North, Minneapolis, MN 55441 (pro se Plaintiff); and

Jared A. Kemper, Dykema Gossett, PLLC, 4000 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402 (for Defendant).

---

      Plaintiff Patricia Young ("Young") brought this action in August 2015 against Defendant Wells Fargo Bank ("Wells Fargo"), alleging "unethical, unfair and deceptive mortgage practices." ECF No. 1-1. Young did not tender any filing fees, instead applying to proceed *in forma pauperis* ("IFP"). ECF No. 3. Before the Court could address Young's IFP application, Wells Fargo moved for an order requiring a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), alleging that Young did not cite a single state or federal statute, or suggest a common-law doctrine, "to support her vague reference to unfair and deceptive mortgage practices." Def.'s Mem. in Supp. at 3, ECF No. 8.

      In an Order dated January 29, 2016, this Court concluded that Young's complaint was inadequate, that it "[fell] short of the minimal pleading requirements of Rule 8 and, in

1

its current form, is unanswerable by Wells Fargo." ECF No. 17, at 5–6. Rather than recommending dismissal of Young's complaint at that time, this Court granted Wells Fargo's motion for a more definite statement and provided Young with an opportunity to amend her complaint. *Id.* at 6–7. Young was given until February 19, 2016, to file an amended complaint, and she was warned that failure to file a new complaint by that date would result in a recommendation that this case be dismissed without prejudice. *Id.* at 7 (citing Fed. R. Civ. P. 12(e); Fed. R. Civ. P. 41(b)).

The deadline for complying with the Court's prior order has now expired, and Young has not filed an amended complaint. Indeed, Young has not communicated with the Court at all since she requested to reschedule a hearing nearly five months ago, a hearing at which she ultimately did not appear despite its rescheduling.[1] *See* ECF No. 13.  Therefore, based on the Court's express warning regarding the consequences that would follow if Young failed to comply with the requirements of the prior Order, it is now recommended that Young be deemed to have abandoned this action, and that the action be summarily dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b) (an action may be dismissed for failure to comply with a court order); *see also Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x. 496, 497 (8th Cir. 2008) (per curiam) (concluding that a plaintiff's failure to move the case forward or comply with court orders in a timely manner shows failure to prosecute); Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order.").

---

[1] This Court notes that the order granting the continuance warned that "[f]ailure to comply with any provision of this Order or any other prior court Order shall subject the non-complying party . . . to any and all appropriate remedies . . . including . . . striking of pleadings [or] complete or partial dismissal . . . ." ECF No. 14, at 2.

"Dismissal with prejudice for failure to prosecute is a drastic sanction which should be sparingly exercised." *Lutheran Lake v. Honeywell Intern.*, No. 12–3186 (ADM/SER), 2013 WL 3833062, at *4 (D. Minn. July 24, 2013) (quotation omitted). "Before resorting to dismissal with prejudice, the Court should first consider a wide range of lesser sanctions." *Id.* "Accordingly, a dismissal with prejudice is appropriate only when there exists a clear record of delay or contumacious conduct by the plaintiff, or upon a serious showing of willful default." *Id.* (quotation omitted).

Here, there is no evidence that Young's conduct is "egregious, willful, or intentionally disobedient." *Id.* She simply has not communicated with the Court or participated in the litigation. Should Young attempt to refile her lawsuit, she will need to explain her failure to proceed in this case. Dismissal without prejudice is appropriate here.

[Continued on the next page.]

# RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

2. Young's application to proceed *in forma pauperis* [ECF No. 3] be **DENIED AS MOOT**.


Dated: March __10__, 2016            *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge
                                                     for the District of Minnesota


*Young v. Wells Fargo Bank*
Case No. 15-cv-3207 (SRN/TNL)


# NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.